**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JANE DOE,<br><br>                    *Plaintiff,*<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br><br>                    *Defendant.* | Civil Action No. 1:24-cv-11445 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER**

Plaintiff Jane Doe ("Plaintiff"), a transgender woman, brings this motion seeking leave to commence this action under a pseudonym.  The attached Complaint details Plaintiff's claims for relief under the Federal Tort Claims Act for the tortious conduct—namely unwanted sexual contact—of a federal law enforcement officer of the United States Customs and Border Protection ("CBP").  As a result of the incident detailed in the Complaint, Plaintiff suffered acute physical pain and severe emotional distress, the lasting effects of which still cause significant disruption to Plaintiff's everyday life.  Plaintiff seeks to bring this action under a pseudonym because the Complaint contains facts relating to (1) sensitive information about Plaintiff's medical conditions and history, (2) Plaintiff's status as a victim of unwanted sexual contact, and (3) the serious claims she brings against a federal law enforcement officer and agent of the United States government.  For these reasons and the reasons below, Plaintiff respectfully asks the Court to grant her motion to proceed under a pseudonym.

### I.        BACKGROUND

Plaintiff was born in Honduras but came to the United States more than thirty years ago to seek asylum from the violence she suffered in her home country on account of her gender and

1

sexual identity.  *See* Compl. ¶¶ 11, 15.  Plaintiff lives with Gender Dysphoria, a medical condition characterized by "psychological distress that results from an incongruence between" a person's experienced or expressed gender and the sex that person was assigned at birth.  Jack Drescher et al., *Gender Dysphoria*, American Psychiatric Association (last visited June 3, 2024), https://www.psychiatry.org/Patients-Families/Gender-Dysphoria; *see* Compl. ¶¶ 12-18.  To cope with the psychological dysfunction and distress associated with Gender Dysphoria, Plaintiff has sought gender-affirming treatment and, for decades, has lived according to her female gender identity.  *See* Compl. ¶ 14.  In 2019, Plaintiff sought gender-affirming surgery in Colombia, specifically a breast augmentation and a Wendler Glottoplasty, as part of her treatment for Gender Dysphoria.  *See id.* ¶ 21.

Upon her return from Colombia via Logan International Airport, the Complaint alleges that Plaintiff was targeted because of her transgender identity and subjected to unwanted sexual contact by a CBP officer while alone in a CBP interrogation room.  *See id.* ¶¶ 35-50.  Plaintiff only recently obtained United States Citizenship, and at the time of the assault was fearful of deportation because of statements that the CBP officer made to Plaintiff during her detention.  *Id.* ¶¶ 33-36.  As a result of the assault, Plaintiff suffered immediate and long lasting physical harm, including ongoing damage to her voice and lasting scarring to her breasts.  *Id.* ¶¶ 60-61.  Moreover, it caused Plaintiff to suffer from an acute, chronic depressive disorder and chronic and severe anxiety that persist to this day.  *Id.* ¶¶ 58-59, 61.

The assault changed Plaintiff's life.  The lasting effects of the harm Plaintiff suffered make it extremely difficult for her to do everyday tasks that she completed routinely before November 15, 2019.  *See id.* ¶¶ 52, 58.  What is more, Plaintiff lives in constant fear that she will again be targeted or harmed by law enforcement because she is a transgender woman.  *Id.* ¶¶ 58-

59.  Before commencing this action, Plaintiff filed a Notification of Incident and Claim for

Damages to CBP as is required under the FTCA.  *See id.* ¶ 8; 28 U.S.C. § 2675.

## II.     LEGAL STANDARD

Courts in this Circuit "enjoy broad discretion" to allow parties to proceed under a

pseudonym.  *Doe v. M.I.T.*, 46 F.4th 61, 70 (1st Cir. 2022); *see id.* at 67-69 (explaining that

presumption of public access does not foreclose use of pseudonym in civil litigation).  The First

Circuit has established four "paradigms" for determining whether a party may proceed under a

pseudonym.  *Id.* at 71-72.  This case implicates paradigms one and three.  The first paradigm

involves cases where the would-be Doe reasonably fears that revealing her identity will cause her

severe physical or psychological harm.  *Id.* at 71.  The third paradigm allows pseudonymous

litigation where it is necessary to prevent a chilling or deterrent effect on similarly situated future

litigants.  *Id.*[1]

 When ruling on motions seeking pseudonymous litigation, courts "must apply a 'totality

of the circumstances' test," using "four non-exhaustive 'paradigms.'"  *Doe v. Del Toro*, 2024

WL 816511, at *2 (D. Mass. Feb. 27, 2024) (quoting *M.I.T.*, 46 F.4th at 70-72).  A party may

satisfy the standard under any one of the four paradigms.  *See M.I.T.*, 46 F.4th at 70-72.

Alternatively, a party may "implicate[]" "multiple paradigms" to prevail on a motion that

"appears weak when each paradigm is analyzed separately."  *Id.* at 72; *see Del Toro*, 2024 WL

816511, at *2 (allowing pseudonymous litigation and finding it unnecessary to reach third

paradigm after analyzing first two).  Put differently, the paradigms are "rough cuts."  *M.I.T.*, 46

---

[1] The two remaining paradigms that the *M.I.T.* court identified are not relevant here.
"The second paradigm involves cases in which identifying the would-be Doe would harm
'innocent non-parties.'"  *M.I.T.*, 46 F.4th at 71 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537
F.3d 185, 190 (2d Cir. 2008)).  "The fourth paradigm involves suits that are bound up with a
prior proceeding made confidential by law."  *Id.*

F.4th at 72.  Thus, a would-be Doe may prevail even when her case does not fit neatly within any of the paradigms.  *See id.* ("[W]e are not so sanguine as to believe that these four paradigms capture the entire universe of cases in which pseudonymity may be appropriate.").

## III.    ARGUMENT

The Court should grant Plaintiff's motion to proceed under a pseudonym for at least three reasons.  First, revealing publicly Plaintiff's identity would exacerbate the already severe psychological trauma caused by the events alleged in the Complaint.  Second, denying Plaintiff's motion would have a chilling effect on other victims of unwanted sexual contact, especially cases involving allegations of misconduct by a law enforcement official.  Third, granting Plaintiff's motion would cause zero prejudice to Defendant because Plaintiff already disclosed her true identity to Defendant in the Notification of Incident and Claim for Damages she submitted to CBP and the unredacted copy of the Complaint she will serve on Defendant.

### A.  Revealing Plaintiff's Identity Would Cause Her Unusually Severe Psychological Harm.

Revealing publicly Plaintiff's identity would cause her to experience severe psychological harm for several reasons.  The enclosed Complaint contains sensitive information about Plaintiff's medical history, including past surgical procedures and gender-affirming treatment.  *See* Compl. ¶¶ 12, 17-18, 21, 52, 61.  The Complaint also details the extremely invasive interrogation to which Plaintiff was subjected regarding her gender identity during her detention by CBP.  *See id.* ¶¶ 35, 39, 48.  The Complaint similarly alleges how this invasive interrogation exacerbated Plaintiff's gender dysphoria, which had been well treated prior to the incident.  *See id.* ¶¶ 59, 61.  Moreover, the Complaint describes the repeated unwanted sexual contact by a federal law enforcement that caused Plaintiff to suffer, among other things, extreme emotional distress, the effects of which continue to this day.  *See id.* ¶¶ 58-61.

Plaintiff's circumstances therefore fall squarely into the first *M.I.T.* paradigm. *See Del Toro*, 2024 WL 816511, at *2 (explaining that "survivors of sexual assault" are "[p]aradigmatic examples" of litigants falling within first *M.I.T.* paradigm). Requiring Plaintiff to reveal her identity would require her to disclose publicly some of the most intimate details imaginable concerning her medical history. *See Doe v. Trustees of Bos. Coll.*, 2024 WL 816507, at *3 (D. Mass. Feb. 27, 2024) (allowing pseudonymous litigation to prevent "unnecessarily making public [Doe's] medical conditions"). What is more, it would cause Plaintiff to disclose publicly one of the most traumatic events of her life, which is sexual in nature and has compounded the distress from her Gender Dysphoria. *See Del Toro*, 2024 WL 816511, at *2 (allowing pseudonymous litigation for victim of "sexual assault that precipitated significant mental health challenges that have persisted for years"). Disclosure of Plaintiff's identity would risk further exacerbating Plaintiff's gender dysphoria, which had been well treated prior to the incident. *See id.* (explaining that disclosure of plaintiff's name "would inhibit his ongoing recovery"). Plaintiff's circumstances satisfy the first *M.I.T.* paradigm, and the Court should grant her motion for this reason alone.

**B. Revealing Plaintiff's Identity Risks a Chilling Effect on Similarly Situated Victims of Unwanted Sexual Contact by Federal Law Enforcement.**

The Complaint's allegations of unwanted sexual contact fall squarely within the "deterrence concern[s]" of the fourth *M.I.T.* paradigm. *See M.I.T.*, 46 F.4th at 71; *Trustees of Bos. Coll.*, 2024 WL 816507, at *3 (allowing pseudonymous litigation to avoid chilling effect among victims of "unwanted sexual advances and assaults" who may refrain from litigation if "their names may become public" (internal quotations omitted)). Foreclosing pseudonymous litigation here would present heightened deterrence concerns because it could risk chilling the public's "substantial interest" interest in redressing grave misconduct—especially sexual

misconduct—by federal law enforcement.  *See M.I.T.*, 46 F.4th at 66 ("[T]he public has a substantial interest in ensuring that those who would seek justice in its courts are not scared off by the specter of destructive exposure.").  Finally, requiring Plaintiff to disclose publicly her identity risks deterring future similarly situated litigants from underrepresented communities, including the transgender community.

**C. Allowing Plaintiffs motion will not prejudice Defendant United States.**

Defendant will suffer no prejudice from pseudonymous litigation for several reasons. *See id.* at 72 (explaining that denial for prejudice is "rare" and requires showing of "prospect of serious prejudice").  First, Plaintiff will file under seal with the Court and serve Defendant a copy of the Complaint that uses Plaintiff's full legal name.  Moreover, Defendant has been aware of Plaintiff's identity and on notice of her claims since at least June 30, 2021, when Plaintiff submitted to CBP a Notification of Incident and Claim for Damages, as is required under the FTCA.  *See* Compl. ¶ 8; 28 U.S.C. § 2675.  That notice contained a detailed description of the facts alleged in this Complaint as well as Plaintiff's name, date of birth, and other personally identifiable information.  *See* Compl. ¶¶ 8-9.

## IV.    CONCLUSION

For the reasons explained above, Plaintiff's circumstances satisfy the *M.I.T.* standard. Plaintiff therefore respectfully asks the Court:

(1)      to grant her motion to proceed under a pseudonym;

(2)      to enter a protective order prohibiting Defendants from disclosing Plaintiff's identity to any third party unless such disclosure is necessary to defend against this action;

(3)      to order that all unsealed, public filings shall refer to Plaintiff as "Jane Doe" and that the filing party shall redact all personal identifiers in accordance with Rule 5.2 of the Federal Rules of Civil Procedure; and

(4)    to order that any nonparty who is informed of Plaintiff's identity shall be bound by the Court's order and shall receive a copy of the same.

An unredacted copy of the Complaint will be filed under seal separately with the Court and served on Defendant.

Respectfully submitted,

Jane Doe

By Her Attorneys,

*/s/ Elaine H. Blais*
Elaine H. Blais (BBO# 656142)
EBlais@goodwinlaw.com
Louis L. Lobel (BBO# 693292)
LLobel@goodwinlaw.com
Ian Q. Rogers (BBO# 709651)
IRogers@goodwinlaw.com
Adrian Jose Santiago Ortiz (BBO# 713630)
ASantiagoOrtiz@goodwinlaw.com

GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
Telephone:   +1 617 570 1000
Facsimile:    +1 617 523 1231

Dated: June 3, 2024