UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE,

      *Plaintiff*,

v.

UNITED STATES OF AMERICA,

      *Defendant*.

Civil Action No. 24-11445-JEK

**PLAINTIFF'S OPPOSITION TO
DEFENDANT UNITED STATES OF AMERICA'S PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................................. 1

ARGUMENT ......................................................................................................................................... 2

    A.    Legal Standard ......................................................................................................................... 2

    B.    Relevant Law for MCRA Claims under the FTCA ............................................................. 3

DISCUSSION ........................................................................................................................................ 4

    A.    The United States Has Waived Its Sovereign Immunity for MCRA Claims. .................... 4

    B.    The United States is the Only Proper Defendant for Count Three. .................................... 7

CONCLUSION ...................................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adedeji v. United States*,
    782 F. Supp. 688 (D. Mass. 1992) ................................................................................................4

*Barbosa v. Conlon*,
    962 F. Supp. 2d 316 (D. Mass. 2013) .......................................................................................5, 7

*Batchelder v. Allied Stores Corp.*,
    473 N.E.2d 1128, 1131 (Mass. 1985) ..........................................................................................4

*Bivens v. Six Unknown Fed. Narcotics Agents*,
    403 U.S. 388 (1971) ..................................................................................................................5, 6

*Buculei v. United States*,
    2011 WL 3439192 (D. Mass. Aug. 4, 2011) ...............................................................................2

*F.D.I.C. v. Meyer*,
    510 U.S. 471 (1994) ..........................................................................................................2, 5, 6, 7

*Farrah v. Gondella*,
    725 F. Supp. 2d 238 (D. Mass. 2010) ..........................................................................................4

*Fothergill v. United States*,
    566 F.3d 248 (1st Cir. 2009) .....................................................................................................2, 3

*Gordo-Gonzalez v. United States*,
    873 F.3d 32 (1st Cir. 2017) ..........................................................................................................3

*Kong v. United States*,
    62 F.4th 608 (1st Cir. 2023) ......................................................................................................4, 5

*Lab. Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey*,
    844 F.3d 318 (1st Cir. 2016) ........................................................................................................2

*Nolan v. CN8*,
    656 F.3d 71 (1st Cir. 2011) ..........................................................................................................4

*Pettiford v. Branded Mgmt. Grp., LLC*,
    237 N.E.3d 1191, 1197 (Mass. App. Ct. 2024) ...........................................................................3

*Roman v. Townsend*,
    224 F.3d 24 (1st Cir. 2000) ..................................................................................................3, 7, 8

*United States v. Olson*,
  546 U.S. 43 (2005) ........................................................................................... 3, 4, 7, 8

*Valentin v. Hosp. Bella Vista*,
  254 F.3d 358 (1st Cir. 2001) ........................................................................................ 2

*Villanueva v. United States*,
  662 F.3d 124 (1st Cir. 2011) .................................................................................... 5, 6

*Williams v. Wilkie*,
  320 F. Supp. 3d 191 (D.D.C. 2018) ............................................................................. 8

**Statutes**

28 U.S.C. § 1346 et seq. ................................................................................... *passim*

Mass. Gen. L. ch. 12 §§ 11H, 11I ...................................................................................... 3

**INTRODUCTION**

On November 15, 2019, Plaintiff Jane Doe, a transgender woman, was detained at Boston Logan International Airport by U.S. Customs and Border Patrol ("CBP") upon her return to the United States from Colombia, where she had received gender-affirming medical care.  *See* ECF No. 1 (the "Complaint") ¶¶ 1–4.  While detained in a small interrogation room, a federal officer employed by CBP (the "CBP Officer") subjected Plaintiff to hours of interrogation regarding her gender, sexual identity, and immigration status.  *See, e.g.*, *id.* ¶¶ 27–36.  During the interrogation, the CBP Officer, among other things, forced Plaintiff to expose her breasts, rubbed his erect penis against Plaintiff's buttocks without her consent, and threatened Plaintiff with deportation if she did not comply with his orders.  *See, e.g.*, *id.* ¶¶ 46–51.  The CBP Officer's conduct caused Plaintiff immense physical, emotional, and psychological harm.  *See, e.g.*, *id.* ¶¶ 58–61.

On June 3, 2024, Plaintiff brought this action against the United States seeking damages pursuant to the Federal Tort Claims Act ("FTCA" or the "Act"), 28 U.S.C. §§ 1346(b), 2671 et seq.  On September 30, 2024, Defendant United States filed an answer to Counts One, Two, Four, and Five of the Complaint.  *See* ECF No. 15.  Defendant also filed a partial motion to dismiss (the "Motion") Count Three of the Complaint ("Count Three"), which alleges that the CBP Officer's conduct violated the Massachusetts Civil Rights Act ("MCRA").  *See* ECF Nos. 13, 14; *see also* Compl. ¶¶ 75-79.  The Motion avers that this Court lacks jurisdiction over Count Three because: (1) "[t]he United States has not waived its sovereign immunity for claims under the MCRA," (Mot. at 3) and (2) "the United States is not a 'person' under the MCRA," (Mot. at 5).  But the MCRA provides a private right of action against private persons, and the United States has waived its sovereign immunity in such circumstances.  Accordingly, as explained further below, this Court has jurisdiction over Count Three, and the Court should therefore deny Defendant's Motion.

1

**ARGUMENT**

**A. Legal Standard**

Challenges grounded in sovereign immunity are "jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, Federal Rule of Civil Procedure 12(b)(1) is the "proper vehicle" to bring a sovereign immunity-based challenge. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362 (1st Cir. 2001). Where a motion to dismiss under Rule 12(b)(1) challenges only the "sufficiency"—as opposed to the "accuracy"—of the "jurisdictionally-significant facts" as alleged, the district court reviews the complaint "to assess whether the plaintiff has propounded an adequate basis for subject-matter jurisdiction." *Id.* at 363. In doing so, the district court "must credit the plaintiff's well-pleaded factual allegations" and "draw all reasonable inferences from them in her favor." *Buculei v. United States*, 2011 WL 3439192, at *1 (D. Mass. Aug. 4, 2011) (quoting *Valentin*, 254 F.3d at 363). This "plaintiff-friendly" standard applies where, as here, subject-matter jurisdiction is challenged on "the pleadings, in advance of jurisdictional discovery and without the taking of any evidence." *Fothergill v. United States*, 566 F.3d 248, 251 & n.1 (1st Cir. 2009).

"The pleading standard for satisfying the factual predicates for proving jurisdiction is the same as applies under Rule 12(b)(6)." *Lab. Rels. Div. of Constr. Indus. of Mass., Inc. v. Healey*, 844 F.3d 318, 326 (1st Cir. 2016).[1] Namely, the complaint must "state a claim to relief that is plausible on its face." *Id.* (quoting *Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 49 (1st Cir. 2011)). Thus, "at the pleadings stage," dismissal "is appropriate only when the facts

---

[1] Though Defendant cites Fed. R. Civ. P. 12(b)(6), the Motion does not challenge the veracity of Plaintiff's allegations that go to subject-matter jurisdiction. *See* Mot. at 5. That is, Defendant challenges Count Three on sovereign immunity grounds but does not dispute the accuracy of the facts that Plaintiff alleges to support the Court's jurisdiction to adjudicate that Count. *See, e.g., id.* at 4–5 ("Here, Plaintiff's claims under the MCRA are not brought against a state actor, but against the United States based upon a *federal* law enforcement officer's actions. Thus, Plaintiff's MCRA claims against the United States fail as a matter of law."); *id.* at 5 ("[B]ecause the United States is not a 'person' under the MCRA, Count 3 of Plaintiff's Complaint against the United States alleging violation of the MCRA must be dismissed . . . .").

2

adumbrated in the plaintiff's complaint, taken at face value, fail to bring the case within the court's subject-matter jurisdiction." *Gordo-Gonzalez v. United States*, 873 F.3d 32, 35 (1st Cir. 2017).

### B. Relevant Law for MCRA Claims under the FTCA

The FTCA "provides the exclusive remedy to compensate for a federal employee's tortious acts committed within his or her scope of employment" and "requires that the named defendant in an FTCA action be the United States and only the United States." *Roman v. Townsend*, 224 F.3d 24, 27 (1st Cir. 2000). The Act "authorizes private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)).[2] In other words, the Act is a "waiver of the federal government's sovereign immunity." *Fothergill*, 566 F.3d at 252. The scope of that waiver is limited to "'circumstances' where local law would make a '*private person*' liable in tort." *Olson*, 546 U.S. at 44 (quoting 28 U.S.C. § 1346(b)(1)).

The MCRA grants a private right of action against "any person or persons, whether or not acting under color of law, [who] interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth." Mass. Gen. Laws ch. 12 §§ 11H, 11I. Massachusetts courts treat claims under the MCRA as "statutory torts" or "tort-like," as they "establish[] duties that private persons owe to others, as to which civil penalties may arise for their violation." *See, e.g.*, *Pettiford v. Branded Mgmt. Grp., LLC*, 237 N.E.3d 1191, 1197 (Mass. App. Ct. 2024). Accordingly, because the MCRA provides a private right of action against public

---

[2] Defendant does not dispute that Massachusetts provides the "law of the place" in this case. *See* Compl. ¶ 1 (alleging that the conduct at issue occurred at Boston Logal International Airport).

3

officials *and* private persons, Courts in this district have found jurisdiction over FTCA claims for violations of the MCRA.  *See, e.g.*, *Kong v. United States*, 62 F.4th 608, 620 (1st Cir. 2023) (reversing district court dismissal of FTCA claim for a violation of, *inter alia*, MCRA); *Adedeji v. United States*, 782 F. Supp. 688, 702 (D. Mass. 1992) (adjudicating claims "under the MCRA as brought to this Court through the auspices of the [FTCA]").

## DISCUSSION

This Court has jurisdiction over Count Three and should deny Defendant's Motion. Defendant does not challenge the veracity of Plaintiff's factual allegations in its Motion. Rather, Defendant mistakenly asserts that the Court does not have jurisdiction over Count Three because: (1) "[t]he United States has not waived its sovereign immunity for claims under the MCRA," (Mot. at 3) and (2) "the United States is not a 'person' under the MCRA," (Mot. at 5). Defendant is incorrect on both points.

### A. The United States Has Waived Its Sovereign Immunity for MCRA Claims.

Count Three falls within the scope of the FTCA's waiver of sovereign immunity, and this Court therefore has jurisdiction to adjudicate it. Under the FTCA, "the United States waives sovereign immunity 'under circumstances' where local law would make a '*private person*' liable in tort." *See Olson*, 546 U.S. at 44 (quoting 28 U.S.C. § 1346(b)(1)). The MCRA, in turn, provides a *private* right of action under Massachusetts law against *private* persons. *See, e.g.*, *Nolan v. CN8*, 656 F.3d 71, 76 (1st Cir. 2011) ("[T]he MCRA is broader than § 1983 in that it reaches private conduct."); *Batchelder v. Allied Stores Corp.*, 473 N.E.2d 1128, 1131 (Mass. 1985) (explaining that the MCRA "incorporat[es] private action within its bounds"). That is enough to render Count

4

Three actionable under the FTCA and, by extension, to bring it within this Court's subject-matter jurisdiction.

Recent First Circuit precedent supports Plaintiff's position. *Kong v. United States* involved multiple FTCA claims, including an alleged MCRA violation brought against U.S. Immigration and Customs Enforcement agents based in the United States Constitution and the Massachusetts Declaration of Rights. 62 F.4th 608, 618 (1st Cir. 2023). The First Circuit reversed the district court's dismissal of the claims for lack of subject-matter jurisdiction. *Id.* at 620. While the opinion noted that the district court's decision "did not comment on the merits of [the] MCRA claim," the First Circuit ultimately "conclude[d] that the district court ha[d] jurisdiction" to adjudicate the FTCA claims—including the MCRA claim—which were remanded for further proceedings. *Id.* at 618–20.

Defendant has not identified any binding authority that holds otherwise. In support of its sovereign-immunity challenge, Defendant relies principally on *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (*see* Mot. at 2), *Barbosa v. Conlon*, 962 F. Supp. 2d 316, 332 (D. Mass. 2013), (*see* Mot. at 4), and *Villanueva v. United States*, 662 F.3d 124, 127 (1st Cir. 2011), (*see* Mot. at 5). Yet, all of those cases involved claims arising under federal—not "local"—law. Here, by contrast, Plaintiff has alleged tortious conduct in violation of a *state* law that imposes liability on both public *and* private persons. Accordingly, none of the cases cited by Defendant supports dismissal of Count Three.

*Meyer* involved a Due Process claim against the Federal Deposit Insurance Corporation ("FDIC") and its agent, who "summarily discharge[d]" Meyer after a California agency appointed

5

FDIC as receiver for his former employer.³  *Meyer*, 510 U.S. at 474.  Relying on *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), Meyer alleged that FDIC violated his federal constitutional rights when it fired him without notice or a hearing.  *Meyer*, 510 U.S. at 474.  On appeal, the Supreme Court considered whether Meyer's Due Process claim was cognizable under the FTCA.  In doing so, the Court made clear that a FTCA claim "must allege, *inter alia,* that the United States 'would be liable to the claimant' as 'a private person' 'in accordance with "the law of the place where the act or omission occurred.'"  *Id.* at 477.  Stated differently, an FTCA plaintiff must point to a state law to bring her claim because 28 U.S.C. "§ 1346 does not provide a cause of action for" claims that do not arise under "the law of the place where the act or omission occurred."  *Id.*  Because Meyer relied on *Bivens* for an implied cause of action under the Fifth Amendment—and not California law—the Court held that his "constitutional tort claim" fell outside the scope of the United States' waiver of sovereign immunity.  *Id.* at 477–78.

The failed FTCA claim in ***Villanueva*** suffered from a similar fatal defect.  *See* Mot. at 5 (citing *Villanueva*, 662 F.3d 12 at 127).  There, Villanueva, a former federal employee, brought an FTCA action against the United States after he was fired from a U.S. Coast Guard Air Station in Puerto Rico.  Villanueva asserted that "the Constitution and federal common law provide[d] jurisdiction for his [FTCA] suit" but alleged no violations of Puerto Rico law.  *Villanueva*, 662 F.3d at 127 n.2.  The First Circuit held that because he looked to "federal and not state law" as "the basis for liability," "a constitutional claim (such as Villanueva's)" was "not cognizable under the FTCA."  *Id.* at 127.

---

³ Meyer originally brought his claim against the Federal Savings and Loan Insurance Corporation ("FSLIC"), which was FDIC's predecessor.  FDIC later instituted the appeal as FSLIC's "statutory successor."  *See Meyer*, 510 U.S. at 474.  That succession does not affect the FTCA analysis, so for concision, Plaintiff does not distinguish between the two entities.

Here, unlike in *Meyer* and *Villanueva*, the allegations of tortious conduct supporting Count Three make out a claim under a state law that imposes liability on private persons. In other words, Count Three seeks to hold the United States liable, as though it were a private person, under the law of Massachusetts, *i.e.* the place where the CBP Officer's tortious acts occurred. As a result, Count Three fits comfortably within the scope of the FTCA's waiver of sovereign immunity, as the Supreme Court elucidated in *Meyer* and later affirmed in *Olson*. *See Meyer*, 510 U.S. at 477; *Olson*, 546 U.S. at 44.

Finally, **Barbosa** offers Defendant even less support. *See* Mot. at 4 (quoting *Barbosa*, 962 F. Supp. 2d at 332). *Barbosa* is a summary judgment decision on the merits of an MCRA claim. It does not even mention the FTCA. *Barbosa*'s only apparent relevance to Defendant's jurisdictional challenge is the court's observation that the MCRA extends to private actors and does not require state action, which bolsters *Plaintiff's* position for the reasons explained above. *See Barbosa*, 962 F. Supp. 2d at 332 (observing that § 1983 "requires State action whereas [the MCRA] does not" (internal quotation omitted)).

In sum, Defendant does not (and cannot) dispute that the MCRA provides a private right of action under state law against public officials *and* private persons for tortious conduct. The MCRA therefore plainly falls within the scope of the FTCA's waiver of sovereign immunity. *See, e.g.*, *Olson*, 546 U.S. at 44. Plaintiff's position is supported by recent First Circuit precedent, and the Motion does not identify any binding authority to the contrary. Accordingly, the Court should deny the Motion.

### B. The United States is the Only Proper Defendant for Count Three.

Count Three seeks to hold the United States liable as a private person under Massachusetts law for the tortious conduct of a federal employee. *See* Compl. ¶¶ 75-79. As discussed above, the United States has waived its sovereign immunity "for certain torts committed by federal

7

employees." *Meyer*, 510 U.S. at 475.  And, the Act provides the "exclusive remedy" for injury arising from such torts.  *See Townsend*, 224 F.3d at 27.  That is why the "*United States* is the only proper defendant" in FTCA suits.  *Williams v. Wilkie*, 320 F. Supp. 3d 191, 198 (D.D.C. 2018) (emphasis added) (quoting *Majano v. United States*, 469 F.3d 138, 139 (D.C. Cir. 2006)).

Defendant asserts that Count Three is improper because the United States is not a person within the meaning of the MCRA.  *See* Mot. at 5.  But that position misstates the inquiry.  The FTCA waives the United States' sovereign immunity in cases where "local law would make a '*private person*'" liable to the claimant.  *Olson*, 126 U.S. at 44 (quoting 28 U.S.C. § 1346(b)(1)).  Count Three expressly states that Plaintiff seeks redress under the FTCA for the harm she suffered at the hands of the CBP Officer, an individual federal employee acting within the scope of his employment.  *See, e.g.*, Compl. ¶ 78 (alleging violation of MCRA "[a]s a factual and proximate result of the CBP Officer's actions").  "[T]he FTCA requires that the named defendant in an FTCA action be the United States and only the United States."  *Townsend*, 224 F.3d at 27; *see also Olson*, 546 U.S. at 45–46 (explaining that FTCA applies "where the United States, if a private person, not the United States, if a state or municipal entity, would be liable" (internal quotations omitted)).  Accordingly, Plaintiff has properly named the United States as the Defendant in Count Three, as is required by the Act and First Circuit precedent.  The Court should therefore deny Defendant's motion.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion.  If, however, the Court grants the Motion, Plaintiff respectfully requests leave to amend the Complaint.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Plaintiff requests oral argument on Defendant United States of America's Partial Motion to Dismiss based on the belief that oral argument may assist this Court in deciding the issues raised therein.

          Respectfully submitted,

          Jane Doe

         By Her Attorneys,

*/s/ Elaine H. Blais*
Elaine H. Blais (BBO# 656142)
EBlais@goodwinlaw.com
Louis L. Lobel (BBO# 693292)
LLobel@goodwinlaw.com
Ian Q. Rogers (BBO# 709651)
IRogers@goodwinlaw.com
Adrian Jose Santiago Ortiz (BBO# 713630)
ASantiagoOrtiz@goodwinlaw.com
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
Telephone:    +1 617 570 1000
Facsimile:    +1 617 523 1231

Dated: October 22, 2024

**CERTIFICATE OF SERVICE**

I, Elaine Blais, hereby certify that on October 22, 2024, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent via the CM/ECF system electronically to all counsel of record.

*/s/ Elaine H. Blais*
Elaine H. Blais
