UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Civil Action No. 24-11445-JEK |

MEMORANDUM AND ORDER

September 15, 2026

Boal, M.J.

On April 10, 2026, this Court ordered the United States to, among other things, search for and produce documents regarding its pre-suit FTCA investigation of Plaintiff's claims. Docket No. 59 at 9. If the government asserted that there were no responsive materials, then this Court ordered the government to file a declaration, signed by the appropriate agency representative under the penalties of perjury, regarding the scope of its search for responsive documents and information regarding its pre-suit FTCA investigation of Doe's claim, including identification of potential repositories of responsive information, what was searched, who made the searches, and a certification that no responsive documents were located.

Following this Court's order, the government produced a privilege log identifying a single document--one legal memorandum--withheld on attorney-client and work product grounds. See Docket No. 65 at 4. The government maintains that "[t]o the extent the Plaintiff interprets the Court's order to mean that Defendant is required to produce documents that its counsel gathered and reviewed during counsel's review of Plaintiff's claim, the compilation of

documents considered or relied upon by counsel, and the identities of those documents, are encompassed within the legal memorandum identified in the privilege log and are protected by attorney-work product." Docket No. 65 at 6.

This Court has reviewed the legal memorandum in camera and held an ex parte, sealed hearing on July 10, 2026. After review of the memorandum and consideration of the government's arguments and representations at the July 10, 2026, hearing, this Court finds that the memorandum itself is protected by the attorney-client privilege and work product doctrines. The memorandum, however, references a number of documents that were reviewed in the course of the government's investigation. Those documents are independently discoverable and do not become privileged simply as the government argues because it reviewed them in the course of its investigation. Nor are they reflective of agency counsel's thoughts or impressions. The government represented that some of those documents were produced to the plaintiff as responsive to other requests for production but other documents were not. This Court orders the government to produce such documents if it has not already done so within two weeks.

**So Ordered**.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
U.S. MAGISTRATE JUDGE